PROGRAMA DE SERVICIOS DE SALUD en el HOGAR NORTE, demandante y recurrido, *v.* PROGRAMA DE SERVICIOS DE SALUD en el HOGAR SAN LUCAS, demandado y peticionario.

*Número:* CC-96-442        *Resuelto:* 23 de enero de 1997

*Pedro E. Ruiz Meléndez* y *María L. Quintana*, de *McConnell Valdés*, abogados del peticionario.

PER CURIAM:

(Regla 50)

En abril de 1996 la Secretaria del Departamento de Salud le concedió un certificado de necesidad y conveniencia al recurrido, el Programa de Servicios de Salud en el Hogar Norte (en adelante el Hogar Norte). El aquí peticionario, el Programa de Servicios de Salud en el Hogar San Lucas (en adelante San Lucas), solicitó una reconsideración de la Resolución de 30 de abril de 1996. A su vez, en esa misma fecha presentó una solicitud para la regrabación de los procedimientos, la cual fue declarada con lugar por la agencia el 8 de mayo de 1996.

Paralelamente, el peticionario presentó una solicitud de revisión ante el Tribunal de Circuito de Apelaciones el 13 de junio de 1996 para solicitar la revisión de la resolución emitida por la agencia. Para la fecha de presentación de dicha solicitud de revisión ante el Tribunal de Circuito de Apelaciones, la transcripción de la prueba oral no estaba preparada. San Lucas informó al Tribunal de Circuito de Apelaciones que suplementaría su solicitud de revisión con las porciones pertinentes de la transcripción oral, una vez la tuviera disponible.

El 27 de junio de 1996, catorce (14) días después de presentar la Solicitud de revisión, San Lucas recibió la transcripción de la prueba oral y procedió a someterla ante el Tribunal de Circuito de Apelaciones al día siguiente.

Posteriormente, mediante un Escrito Suplementando Solicitud de Revisión Judicial, San Lucas suplementó la solicitud de revisión judicial haciendo referencias al contenido de los testimonios específicos que se interesaba utilizar. Así las cosas, el 1ro de octubre el Tribunal de Circuito de Apelaciones ordenó la devolución a San Lucas de la transcripción que obraba en los autos por no haber cumplido con las disposiciones de la Regla 67 del Reglamento del Tribunal de Circuito de Apelaciones de 1ro de mayo de 1996 (4 L.P.R.A. Ap. XXII-A), a la vez que declaró sin lugar el escrito suplementario. Fundamentó su determinación en que la Regla 67, *supra*, impone al recurrente la obligación de hacer constar, en una moción por separado, los errores fundados en la apreciación de la prueba y luego de haber sido sustentada la necesidad de recurrir a la prueba oral, corresponde al tribunal la decisión de si procede o no la transcripción de la prueba.

El 21 de octubre de 1996, San Lucas solicitó la reconsideración de la resolución y alegó que lo establecido en la citada Regla 67 no aplicaba a su situación. El Tribunal de Circuito de Apelaciones declaró no ha lugar dicha solicitud. Inconforme con esta determinación acude ante nos el peticionario para alegar la comisión de un único error por parte del tribunal, a saber: "Erró el Tribunal de Circuito al declarar sin lugar los escritos presentados por San Lucas el 28 de junio de 1996 y el 26 de julio de 1996, respectivamente, Escrito Sometiendo Transcripción de Evidencia y Escrito Suplementando Solicitud de Revisión Judicial por, supuestamente, no haberse cumplido con disposición alguna de la Regla 67 del Reglamento del Tribunal de Circuito." (Énfasis suprimido.) Petición de *certiorari*, pág. 5.

Pasamos a resolver, sin ulterior procedimiento, en virtud de lo dispuesto en la Regla 50 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A.

# I

El peticionario alega, en síntesis, que la citada Regla 67 aplica cuando la transcripción de la prueba oral en cuestión *no existe* al momento de presentar el escrito inicial de revisión. Por ser su caso particular distinto, ya que la transcripción estaba en proceso de completarse cuando se instó el recurso de revisión, alega que no le es de aplicación lo establecido en la regla.

La Regla 67 del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, establece, en lo pertinente:

> (A) Cuando se apuntare error en la apreciación de la prueba oral o que alguna determinación de hechos no esté sostenida por la prueba, y sea necesario recurrir a la prueba oral, la parte recurrente lo hará constar en moción por separado, presentada junto al escrito inicial de revisión. De no solicitarlo así la parte recurrente, las demás partes podrán efectuar igual solicitud dentro de diez (10) días contados a partir de la notificación de la expedición del auto de revisión.
>
> (B) En dicha moción la parte interesada *sustanciará y probará la necesidad de recurrir a la prueba oral*, con vista a las determinaciones de hechos de la agencia o del (de la) funcionario(a), haciendo referencia a las cuestiones planteadas en la solicitud de revisión y al contenido de los testimonios específicos que se interesa utilizar. La omisión de cumplir con esta regla podrá dar lugar a que se declare sin lugar la moción. (Énfasis suplido.)

Queda establecido en esta regla que será el Tribunal de Circuito de Apelaciones el que decidirá si se ordena la transcripción de la evidencia o una exposición narrativa, y esto cuando sea *indispensable, sustentado mediante una moción por separado*. Dicha moción debe ser presentada *junto al escrito inicial de revisión*. Aunque, de ordinario, el Tribunal de Circuito de Apelaciones tiene la obligación de asegurar que las partes cumplan con la citada regla, en el caso de autos dicho foro debió considerar el hecho de que el peticionario había solicitado la transcripción de la prueba

oral *el 30 de abril de 1996*, fecha anterior a la entrada en vigor del Reglamento del Tribunal de Circuito de Apelaciones de 1ro de mayo de 1996. Si bien el escrito se presentó el 13 de junio de 1996, fecha en que el peticionario tenía el deber de cumplir con el mencionado reglamento, éste interpretó que la Regla 67, *supra*, no le aplicaba, puesto que la transcripción estaba en proceso.

Aunque entendemos que la citada Regla 67 es clara y no distingue entre transcripciones en proceso o existentes, pues delega al Tribunal de Circuito de Apelaciones la facultad *única* de decidir cuándo procede la transcripción y, por ende, la facultad para ordenar su confección, estimamos que el tribunal debió considerar que la solicitud ante la agencia fue presentada con anterioridad a la vigencia del reglamento y que, de hecho, la agencia la declaró con lugar. Claramente se trataba de unas circunstancias particulares en que se entrelazan el ordenamiento procesal anterior y el que entró en vigor el 1ro de mayo.

Por otra parte, la solicitud y la confección de la transcripción no causó perjuicio alguno a la parte recurrida. En este contexto estimamos que el Tribunal de Circuito de Apelaciones debió ser más flexible y permitir la presentación de la transcripción de la prueba oral habida cuenta del poco tiempo transcurrido entre la presentación del escrito y la fecha en que entró en vigor el citado Reglamento del Tribunal de Circuito de Apelaciones de 1ro de mayo de 1996. Véase *López Rivera v. Rivera Díaz*, 141 D.P.R. 194 (1996).

■ Reiteramos que la alegación del peticionario en el sentido de que la citada Regla 67 no aplica a casos en que la transcripción ya exista, no nos persuade. Todo procedimiento instado con posterioridad a 1ro de mayo de 1996 debe regirse por lo dispuesto en el reglamento correspondiente y corresponde a la clase togada, en general, familiarizarse con este nuevo ordenamiento procesal. No hacerlo

violenta el orden procesal uniforme que se pretende establecer en la tramitación de los casos ante los tribunales, y los expone a sanciones por parte de los tribunales. No obstante, en circunstancias tan particulares como la de autos, el Tribunal de Circuito de Apelaciones deberá resolver con cierto grado de flexibilidad.

Por las razones expuestas *se dictará sentencia para dejar sin efecto la resolución emitida por el Tribunal de Circuito de Apelaciones, Circuito Regional III, Región Judicial de Arecibo y Utuado el 23 de octubre de 1996, para que se acepte la transcripción de la prueba oral y se devuelva el caso a dicho foro para que considere el escrito suplementario y resuelva lo que proceda en derecho.*

El Juez Asociado Señor Negrón García no intervino.