EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José Graciani Rodríguez; Carmen Cuadrado Cintrón<br><br>Recurridos<br><br>v.<br><br>Garage Isla Verde, LLC; Mercedes Benz USA, LLC; Mercedes Benz Financial Services USA, LLC<br><br>Peticionarios | Certiorari<br><br>2019 TSPR 59<br><br>202 DPR \_\_\_\_ |

Número del Caso: CC-2017-512

Fecha: 29 de marzo de 2019

Tribunal de Apelaciones:

      Región Judicial de Bayamón y Aibonito Panel VI

Abogados de la parte peticionaria:

      Lcdo. César Alcover Acosta
      Lcdo. Álvaro A. Almonte Veloz
      Lcdo. Rafael G. Rivera Rosario

Abogado de la parte recurrida:

      Lcda. Teresita Santoni Gordon

Materia: Discreción del Tribunal de Apelaciones para autorizar la reproducción de la prueba oral al atender un recurso de revisión judicial de una determinación administrativa.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| José Graciani Rodríguez;<br>Carmen Cuadrado Cintrón<br><br>Recurridos<br><br>v.<br><br>Garage Isla Verde, LLC;<br>Mercedes Benz USA, LLC;<br>Mercedes Benz Financial<br>Services USA, LLC<br><br>Peticionarios | CC-2017-0512 | *Certiorari* |

El Juez Asociado señor ESTRELLA MARTÍNEZ emitió la Opinión del Tribunal.

En San Juan, Puerto Rico, a 29 de marzo de 2019.

Este recurso nos brinda la oportunidad de aclarar el ámbito discrecional que tiene el Tribunal de Apelaciones en cuanto a autorizar la reproducción de prueba oral al atender un recurso de revisión judicial de una determinación administrativa. Específicamente, debemos resolver si, ante un planteamiento sobre error en la apreciación de la prueba oral realizada por una agencia administrativa, el Tribunal de Apelaciones abusa de su discreción cuando adjudica el mismo sin el beneficio de dicha prueba. Ello, a pesar de la parte interesada haber solicitado y justificado adecuadamente al foro intermedio su reproducción.

Con lo anterior en mente, pasemos a examinar los hechos que dieron génesis al recurso ante nuestra consideración.

I

El 27 de enero de 2015, el Sr. José Graciani Rodríguez (recurrido o señor Graciani Rodríguez) presentó una querella ante el Departamento de Asuntos del Consumidor (DACo) contra Garage Isla Verde, LLC, Mercedes Benz USA, LLC, y Mercedes Benz Financial Services USA, LLC (conjuntamente, peticionarios). En síntesis, alegó que adquirió de Garage Isla Verde, LLC, un Mercedes Benz usado y que, al poco tiempo de la compra, la unidad comenzó a confrontar problemas mecánicos. Específicamente, adujo que al automóvil se le escapaba constantemente el aceite del motor y que ello requirió múltiples labores de servicio en las facilidades de Garage Isla Verde, LLC. Además, alegó que la transmisión de la unidad estaba defectuosa.

Según el señor Graciani Rodríguez, la recurrencia de estos problemas, así como los servicios técnicos deficientes brindados por Garage Isla Verde, LLC, ocasionaron que el automóvil pasara mucho tiempo en el taller de servicio. Por ello, solicitó como remedio el cambio de la unidad en garantía por una de mayor valor o, alternativamente, la resolución del contrato y el reembolso de todo lo pagado, además de cualquier otro remedio que procediera en derecho.

Como parte de los trámites en el caso, un investigador del DACo examinó la unidad en cuestión. Conforme surge del Informe rendido, éste constató un goteo de aceite en la

parte trasera del automóvil. A su juicio, la causa del fallo obedecía a un defecto en el retenedor trasero del cigüeñal de la unidad. Consecuentemente, concluyó que era necesario reemplazar dicha pieza, labor que estimó en $1,200.00. Por otro lado, en lo concerniente al supuesto fallo en la transmisión, el inspector realizó una prueba de carretera en la unidad y no encontró tal defecto.

Por su parte, los peticionarios contestaron la querella y negaron las alegaciones sobre los supuestos desperfectos mecánicos en la unidad. A tal fin, arguyeron que el goteo de aceite al que se refería el señor Graciani Rodríguez era normal para el tiempo y millaje de la unidad, y que el mismo no presentaba un riesgo de seguridad ni menoscababa el valor de la unidad. Además, añadieron que todas las quejas presentadas por el señor Graciani Rodríguez fueron debidamente evaluadas, diagnosticadas y reparadas conforme a los términos de la garantía a la que se acogió. En torno a esto último, agregaron que cualquier alegación sobre un fallo mecánico aún no reparado constituía materia pericial a ser justipreciada en su debido momento.

Posteriormente, el DACo condujo una segunda inspección de la unidad en las instalaciones de Garage Isla Verde, LLC. Según los hallazgos del investigador en su Informe de Inspección, el goteo de aceite de motor en el retenedor trasero de la unidad había sido reparado. De ese modo, el investigador concluyó que "[e]l vehículo motivo de la

querella de epígrafe no presentó la condición descrita [en la querella]".[1]

A la luz de los hallazgos y conclusiones rendidas por el propio investigador del DACo, los peticionarios solicitaron la desestimación sumaria de la querella. En respuesta, el señor Graciani Rodríguez presentó un escrito intitulado Objeción al informe. Contrario a lo que sugiere su título, en dicho escrito el señor Graciani Rodríguez no impugnó los hallazgos técnicos del investigador. Más bien, dirigió el escrito a plasmar su inconformidad con el hecho de que los peticionarios, aunque repararon su vehículo, no accedieron a reemplazar el mismo.

El DACo no resolvió las mociones dispositivas ante su consideración. En su lugar, celebró una vista administrativa a la que compareció el señor Graciani Rodríguez, por derecho propio, y los peticionarios a través de sus respectivos abogados. En la vista también participó el Sr. Emanuel Polanco, jefe del taller de mecánica de Garage Isla Verde, LLC, quien brindó testimonio en calidad de perito de ocurrencia por los peticionarios. Al culminar la vista, los peticionarios solicitaron por escrito la regrabación de la prueba oral desfilada, indicando que sufragarían su costo.[2] **El DACo nunca atendió la solicitud.**

---

[1] Apéndice del certiorari, pág. 60
[2] Solicitud de regrabación de la vista en su fondo de 23 de mayo de 2016, apéndice del certiorari, págs. 76-77.

Así las cosas, el 9 de junio de 2016, el DACo notificó una <u>Resolución</u> declarando <u>ha lugar</u> la querella del señor Graciani Rodríguez. Consecuentemente, ordenó la resolución del contrato de compraventa, la devolución de las prestaciones y condenó a los peticionarios al pago solidario de una indemnización de $3,500.00 para el señor Graciani Rodríguez e igual suma para su esposa, la Sra. Carmen Cuadrado Cintrón. Además, les impuso el pago de $2,000.00 por concepto de honorarios de abogado.

En síntesis, la agencia concluyó que la condición de fuga de aceite era preexistente a la fecha de adquisición de la unidad y que, por tanto, Garage Isla Verde, LLC, había incurrido en una práctica engañosa al entregar la unidad no conforme a lo representado y al no diagnosticar la condición oportunamente. En cuanto al fabricante, Mercedes Benz USA, LLC, razonó que éste incidió al utilizar materia prima no idónea en la confección del retenedor trasero de la unidad. Además, el DACo concluyó que, en la alternativa, el contrato de compraventa era nulo por causa ilícita, toda vez que:

> Habiendo el expediente establecido que la fuga de aceite es la consecuencia de los materiales inadecuados, es forzoso concluir que el objeto de contrato es contrario a la afirmación de idoneidad . . . [y] tiene la consecuencia a su vez de ser una fuente constante de contaminación, mediante la fuga de aceite al medioambiente. Habiendo un orden público dirigido a proteger el medio ambiente y de requerir la idoneidad de los vehículos de motor, es forzoso concluir que dicho contrato de compraventa es nulo por causa

ilícita, por ser contrario al orden público y a
la ley.[3]

A consecuencia de este último razonamiento, el DACo
refirió copia de la Resolución a la Junta de Calidad
Ambiental y a la Agencia de Protección Ambiental de
Estados Unidos.

Posteriormente, dentro del término para recurrir en
revisión judicial, los peticionarios presentaron, **por
segunda ocasión**, una moción ante el DACo solicitando la
regrabación de la vista.[4] **La agencia nada dispuso**. Además,
dentro de dicho plazo, presentaron ante la agencia una
Moción de relevo de Resolución. En la misma indicaron que,
con posterioridad a notificarse el dictamen, advinieron en
conocimiento de que el 30 de octubre de 2014 el señor
Graciani Rodríguez había chocado la unidad objeto de la
querella y que nunca lo divulgó a las partes o a la
agencia durante el pleito. No obstante, el DACo tampoco
resolvió la solicitud.

Ante ese cuadro, los peticionarios recurrieron al
Tribunal de Apelaciones. En su recurso de revisión
judicial, impugnaron las determinaciones de hecho
formuladas por el DACo, argumentando que las mismas eran
insostenibles ante la prueba recibida por la agencia.
Específicamente, arguyeron que el expediente
administrativo carecía de prueba documental para apoyar

---

[3]Resolución, apéndice del certiorari, pág. 86.

[4]Moción reiterando solicitud de regrabación de la
vista en su fondo de 23 de mayo de 2016, apéndice del
certiorari, págs. 146-147.

las mismas y que, por el contrario, éstas resultaban incompatibles con la prueba oral recibida en la vista. Ello, particularmente a la luz del testimonio técnico ofrecido por su perito.

Además, arguyeron que el testimonio del señor Graciani Rodríguez no respaldaba las determinaciones de la agencia en cuanto a las alegadas angustias mentales sufridas por éste y su esposa. Ésta última, quien ni siquiera testificó. De ese modo, los peticionarios argumentaron que la agencia obró de forma arbitraria e irrazonable al aquilatar la prueba recibida. Por último, impugnaron la partida de honorarios de abogado dictaminada.

En lo pertinente a la controversia ante nos, **ese mismo día**, junto al recurso de revisión judicial, los peticionarios presentaron ante el foro intermedio una solicitud para que se ordenara al DACo a reproducir la grabación de la prueba oral desfilada en la vista administrativa y para que se autorizaran los trámites para su posterior transcripción.[5] Lo anterior, conforme a las Reglas 66 y 76 del Reglamento del Tribunal de Apelaciones, infra. Igualmente, los peticionarios consignaron en el escrito la necesidad de autorizar dicho trámite, indicando que, a la luz de los señalamientos de error sobre la apreciación de la prueba oral, resultaba indispensable que dicho foro examinara el contenido exacto e íntegro de

---

[5]Moción solicitando autorización para la transcripción de la prueba oral conforme a las Reglas 66 y 76 de este Tribunal, apéndice del certiorari, págs. 183-184.

dicha prueba. **Además, alertaron al foro intermedio sobre las omisiones del DACo en no atender sus solicitudes para obtener una copia de la grabación de la vista administrativa.** A pesar de lo señalado expresamente por los peticionarios en su solicitud, **el Tribunal de Apelaciones nunca atendió la misma.**

Sorpresivamente, el 31 de marzo de 2017, el foro intermedio notificó una Sentencia confirmando en su totalidad el dictamen recurrido. En torno a los señalamientos de los peticionarios sobre la apreciación de la prueba oral hecha por el DACo, el Tribunal de Apelaciones se limitó a reproducir las determinaciones de hecho formuladas por la agencia y concluyó, sin más, que "[l]as Determinaciones de hechos realizadas por [el] DACo, según estas constan en la Resolución recurrida, están basadas en la credibilidad que le[s] dio la agencia a los testimonios vertidos en la vista administrativa celebrada el 23 de mayo de 2016".[6]

De ese modo, amparado en la consabida norma de deferencia en asuntos de apreciación de la prueba oral, el foro intermedio concluyó que "[e]n consideración a la apreciación de la prueba que hizo [el] DACo luego de dirimir cuestiones de credibilidad, no existe razón válida para intervenir con las Determinaciones de hechos que obran en la Resolución recurrida".[7]

---

[6]Sentencia, apéndice del certiorari, pág. 234.

[7]Íd., pág. 237.

En desacuerdo, los peticionarios presentaron una Moción de Reconsideración.[8] Una vez más, argumentaron que sus señalamientos de error iban dirigidos a impugnar la apreciación de la prueba oral realizada por el DACo y que ello presuponía que dicho foro autorizara su reproducción, según fuera solicitado oportunamente. Arguyeron que, para poder determinar la razonabilidad de las determinaciones de hecho emitidas por la agencia, era menester examinar la totalidad del expediente, lo que incluía, desde luego, la prueba oral recibida. Sobre el particular, los peticionarios aludieron nuevamente a las Reglas 66 y 76 del Reglamento del Tribunal de Apelaciones, infra, y plantearon que las mismas reconocían su derecho a solicitar la reproducción y transcripción de la prueba oral en casos en que se pretenda impugnar su apreciación.

En vista de lo planteado por los peticionarios, el Tribunal de Apelaciones notificó una Resolución concediéndole al señor Graciani Rodríguez y al DACo un término de diez (10) días para fijar su posición en torno a los méritos de lo solicitado por los peticionarios. **Ninguno compareció.** Aun así y sin consignar fundamento alguno, el Tribunal de Apelaciones denegó la reconsideración.

Todavía inconformes, los peticionarios acudieron ante este Tribunal mediante petición de certiorari. En lo

---

[8]Apéndice del certiorari, págs. 240-247.

pertinente a los asuntos que resolvimos atender, se nos formulan los siguientes señalamientos de error:

> Erró el [Tribunal de Apelaciones] al no observar los términos de su propio Reglamento y privar a [los peticionarios] de la oportunidad de presentar la transcripción de la vista administrativa, a pesar de haberlo solicitado oportunamente.

> Erró el [Tribunal de Apelaciones] al dictar Sentencia sin la totalidad del expediente administrativo.

Establecidos los incidentes fácticos y procesales del caso, abordemos en segundo término el marco jurídico que gobierna la controversia ante nuestra consideración.

## II

### A.

Como axioma de la doctrina de revisión judicial, sabido es que los tribunales apelativos vienen llamados a otorgar amplia deferencia a las decisiones de las agencias administrativas. Ello, en atención a la experiencia y pericia que se presume tienen dichos organismos para atender y resolver los asuntos que le han sido delegados. Rolón Martínez v. Supte. Policía, res. el 27 de agosto de 2018, 2018 TSPR 157, págs. 8-9; Mun. de San Juan v. CRIM, 178 DPR 163, 175 (2010); Misión Ind. P.R. v. J.P., 146 DPR 64, 130 (1998).

Desde luego, la norma anterior nunca ha pretendido ser absoluta. Por eso, hemos resuelto con igual firmeza que los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las

determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente, contrarias a derecho. IFCO Recycling v. Aut. Desp. Sólidos, 184 DPR 712, 746 (2012); Empresas Ferrer v. A.R.PE., 172 DPR 254, 264 (2007). De ese modo, hemos apuntalado que las determinaciones de una agencia administrativa se han de examinar bajo un estándar de razonabilidad. Torres Rivera v. Policía de PR, 196 DPR 606, 626 (2016); Calderón Otero v. C.F.S.E., 181 DPR 386, 396 (2011); Rebollo v. Yiyi Motors, 161 DPR 69, 76 (2004). Esto consiste en dirimir si la agencia actuó arbitraria o ilegalmente, o en forma tan irrazonable que su actuación constituya un abuso de discreción. Rolón Martínez v. Supte. Policía, supra, pág. 9; Rebollo v. Yiyi Motors, supra.

En lo concerniente a las determinaciones de hecho dictaminadas por un organismo administrativo, el ámbito de la revisión judicial se enmarca en auscultar si las mismas se basaron en evidencia sustancial considerando la totalidad del expediente administrativo. Sec. 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9675; Rolón Martínez v. Supte. Policía, supra, pág. 9; Otero v. Toyota, 163 DPR 716, 727-728 (2005) (Per curiam); Domínguez v. Caguas Expressway Motors, Inc., 148 DPR 387, 397 (1999) (Per curiam).

A tono con lo anterior, consecuentemente hemos definido el concepto de evidencia sustancial como "aquella prueba

relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". Rolón Martínez v. Supte. Policía, supra, pág. 10; Hilton Hotels v. Junta Salario Mínimo, 74 DPR 670, 686 (1953). Por su parte, el expediente o récord administrativo constituye la base exclusiva para la decisión de la agencia en un procedimiento adjudicativo, así como **para la revisión judicial ulterior**. Sec. 3.18 de la LPAU, 3 LPRA sec. 9658; García Reyes v. Cruz Auto Corp., 173 DPR 870, 894 (2008). Éste alberga, entre otros particulares, la evidencia recibida o considerada por la agencia, así como aquellos ofrecimientos de prueba y las objeciones a los mismos. Sec. 3.18 de la LPAU, supra. Ello incluye, desde luego, la prueba oral recibida en la vista administrativa. De ahí a que la LPAU exija que toda vista administrativa sea grabada o estenografiada. Sec. 3.13(a) de la LPAU, 3 LPRA sec. 9653.

A modo de implementar este último mandato, la Regla 29.5 del Reglamento de Procedimientos Adjudicativos del DACo, Reglamento Núm. 8034, Departamento de Estado, 13 de junio de 2011 (Reglamento Núm. 8034), expresamente dispone que "[c]ualquier parte podrá solicitar una copia certificada del expediente y de la transcripción de la vista . . . mediante el pago de los cargos correspondientes". Además, en aquellos casos en que tan solo se interese una copia de la grabación de la vista, la aludida Regla también establece que "[l]a parte

solicitante podrá contratar un transcriptor de récord certificado, el cual **el Departamento <u>le dará</u> acceso a una copia de la grabación para transcribir la misma, mediante el cargo correspondiente**". (Énfasis y subrayado suplido). Regla 29.5 del Reglamento Núm. 8034.

**B.**

De otra parte, dado a la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, hemos resuelto que éstas "debe[n] ser respetada[s] mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas". <u>Otero v. Toyota</u>, supra, pág. 728. Para así lograrlo, corresponde a la parte que cuestiona las mismas "demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba presentada que tuvo ante su consideración." <u>Camacho Torres v. AAFET</u>, 168 DPR 66, 91 (2006), citando a <u>Otero v. Toyota</u>, supra; <u>Hernández, Álvarez v. Centro Unido</u>, 168 DPR 592, 615 (2006); <u>Domínguez v. Caguas Expressway Motors, Inc.</u>, supra, págs. 397-398.

Cuando la impugnación de las determinaciones de hecho se base en la prueba oral desfilada, así como en la credibilidad que le mereció la misma a la agencia administrativa, este Tribunal ha expresado que "**[e]s**

**imprescindible que se traiga a la consideración del foro revisor la transcripción de la vista celebrada o una exposición narrativa de la prueba**". (Énfasis en el original). Camacho Torres v. AAFET, supra, pág. 92. Dicho de otro modo, los tribunales apelativos no deben intervenir con la apreciación de la prueba oral hecha por la agencia recurrida cuando no se tiene forma de evaluar la evidencia presentada debido a que la parte promovente no elevó una transcripción o una exposición narrativa de tal prueba. J. A. Echevarría Vargas, Derecho Administrativo Puertorriqueño, San Juan, Ed. SITUM, 2017, pág. 325.

Así, por ejemplo, en García Fantauzzi v. Dir. Adm. Trib., 182 DPR 560 (2011) (Sentencia), resolvimos que el Tribunal de Apelaciones erró al revocar una determinación de hecho de la Junta de Personal de la Rama Judicial sin estar en posición de así hacerlo, pues "no tuvo el beneficio de examinar la transcripción de la prueba oral desfilada durante el proceso administrativo" y, "[p]or lo tanto, debía brindarle deferencia a la decisión administrativa". Íd., pág. 569. Véase, además, Camacho Torres v. AAFET, supra, donde expresamos que, en ausencia de la prueba oral, "difícilmente se podrá descartar la determinación impugnada". Por tanto, es tarea de la parte interesada presentar al foro revisor la prueba oral bajo la que se pretende impugnar las determinaciones de una agencia administrativa.

En atención a lo anterior, nuestro ordenamiento procesal apelativo provee los mecanismos para asistir a una parte en dicha encomienda. A esos efectos, la Regla 66 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece el trámite a seguir para que se autorice la reproducción de la prueba oral desfilada en el procedimiento administrativo. Dicha Regla dispone que:

(A) Cuando se apuntare error en la apreciación de la prueba oral o que alguna determinación de hechos no esté sostenida por la prueba, y sea necesario recurrir a la reproducción de la prueba oral, la parte recurrente lo hará constar en moción por separado, presentada junto al escrito inicial de revisión. De no solicitarlo así la parte recurrente, las demás partes podrán efectuar igual solicitud dentro de diez (10) días contados a partir de la notificación del recurso de revisión.

(B) En dicha moción la parte interesada sustanciará y probará la necesidad de recurrir a la prueba oral, con vista a las determinaciones de hechos de la agencia o del(de la) funcionario(a), haciendo referencia a las cuestiones planteadas en la solicitud de revisión y al contenido de los testimonios específicos que se interesa utilizar. La omisión de cumplir con esta regla podrá dar lugar a que se declare sin lugar la moción.

(C) La reproducción de la prueba oral se hará conforme a lo estatuido en las Reglas 76 y 76.1 de este Reglamento, debiendo efectuar la agencia los trámites que corresponden al Tribunal de Primera Instancia. 4 LPRA Ap. XXII-B, R. 66.

Conforme surge del precitado texto, queda claro que la posibilidad de que el Tribunal de Apelaciones autorice y ordene la reproducción de la prueba oral está inexorablemente condicionada al cumplimiento con los requisitos delineados en la Regla 66 de su Reglamento, supra. Se requiere, en primer término, que la parte

recurrente solicite dicho trámite oportunamente, mediante una moción por separado presentada junto al recurso de revisión judicial.

Asimismo, se debe establecer en dicha moción la necesidad de acudir a la prueba oral a luz de los señalamientos promovidos en el recurso de revisión judicial. Esto, ya sea porque en el mismo se cuestionen aspectos sobre la apreciación de la prueba oral tales como la credibilidad de los testimonios o porque se aduzca que las determinaciones de hecho no se sostuvieron al amparo de tal prueba. Además, la parte recurrente deberá aludir al contenido específico de los testimonios que interesa utilizar.

Cuando se cumple con los requisitos anteriores, se deduce de la última oración del precitado inciso (B) que el Tribunal de Apelaciones deberá autorizar la reproducción de la prueba oral. De lo contrario, dicho foro incurriría en un abuso de discreción, pues adviértase que "si se le **señala** al tribunal revisor la prueba que menoscaba las determinaciones de hecho de la agencia, el tribunal revisor debe proceder a examinar el expediente administrativo, para determinar si las conclusiones de hecho encuentran apoyo en evidencia sustancial que obra en dicho expediente." (Énfasis suplido). O.E.G. v. Rodríguez, 159 DPR 98, 119 (2003); Ramírez v. Depto. de Salud, 147 DPR 901, 906 (1999) (Per curiam).

Una vez se autoriza la reproducción de la prueba oral, el inciso (C) de la Regla 66 del Reglamento del Tribunal de Apelaciones, supra, dispone que la misma podrá elevarse conforme a los mecanismos establecidos bajo las Reglas 76 y 76.1 de dicho Reglamento. Es decir, se podrá elevar una transcripción de la prueba oral preparada por un transcriptor privado autorizado o por estipulación, sujeto al procedimiento y los términos dispuestos bajo la Regla 76, supra. Igualmente, se podrá someter una exposición estipulada o una exposición narrativa a tenor con las normas delineadas en la Regla 76.1, supra.

### C.

Por último, el Reglamento del Tribunal de Apelaciones le reconoce discreción y flexibilidad a dicho foro para tramitar los recursos ante sí de manera ágil y eficiente. Véanse, Reglas 2 y 8 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Esa discreción judicial, hemos reiterado, consiste en "la facultad que tiene dicho foro para resolver de una forma u otra, o de escoger entre varios cursos de acción". Citibank et al. v. ACBI et al., res. el 29 de junio de 2018, 2018 TSPR 119, pág. 14; García v. Padró, 165 DPR 324, 335 (2005); Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990).

Ahora bien, debemos advertir que procurar la tramitación expedita de los casos no es el único propósito al que debe aspirar el Tribunal de Apelaciones. Al ejercer su discreción, corresponde a dicho foro tener presente su

igualmente encomiable obligación de procurar "[o]frecer acceso fácil, económico y **efectivo** al tribunal, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos". (Énfasis suplido). Regla 2(1) del Reglamento del Tribunal de Apelaciones, supra. Por eso, hemos apuntalado que el ejercicio de la discreción judicial tampoco es -ni puede ser- absoluto y, en todo caso, "está inexorablemente ligad[o] a nociones de razonabilidad, según el contexto particular en el que ést[e] se ejerce". Citibank et al. v. ACBI et al., supra; García v. Asociación, 165 DPR 311, 321 (2005).

Al examinar estos principios dentro del contexto particular de la reproducción de la prueba oral, hemos expresado que el Tribunal de Apelaciones debe obrar con flexibilidad. Prog. Salud N. v. Prog. Salud S. Lucas, 142 DPR 270, 274 (1997) (Per curiam); López Rivera v. Rivera Díaz, 141 DPR 194, 199-200 (1996) (Per curiam). De ese modo, hemos advertido que, si bien el foro intermedio goza de un amplio margen discrecional para implementar aquellas medidas que agilicen el trámite de la reproducción de la prueba oral, **ello no podrá menoscabar los derechos que le asisten a las partes.** Pueblo v. Carrero Rolstad, 194 DPR 658, 667 (2016). Véanse, además, Pabón Reyes v. South American Rest., 198 DPR 647, 653 (2017) (Sentencia); Perspectivas de la práctica apelativa: 25 años del Tribunal de Apelaciones, San Juan, Ed. SITUM, 2017, pág.

121, aludiendo a nuestros pronunciamientos en <u>Rivera v. Pan Pepín</u>, 161 DPR 681 (2004) y <u>Hernández v. San Lorenzo Const.</u>, 153 DPR 405 (2001).

Al armonizar este conjunto de consideraciones, es forzoso colegir que en casos en que la parte interesada plantee un error en la apreciación de la prueba oral y **justifique oportuna y adecuadamente** al Tribunal de Apelaciones la necesidad de ordenar la reproducción de ésta, conforme a los requisitos delineados en la Regla 66 de su Reglamento, <u>supra</u>, dicho tribunal tiene el deber de así autorizarlo. Ante ese cuadro, permitir lo contrario equivaldría a endosar la práctica de adjudicar errores en la apreciación de la prueba oral sin el beneficio de una transcripción, exposición narrativa o exposición estipulada mediante la cual se conozca y se tenga ante sí la prueba desfilada ante el foro recurrido. <u>Camacho Torres v. AAFET</u>, supra.

Desde luego, una vez autorizada la reproducción de la prueba oral en los casos en que procede, el Tribunal de Apelaciones puede, dentro de su ámbito discrecional, variar el mecanismo y los términos bajo el cual se elevará la misma. Ello, ante consideraciones de celeridad procesal y, en todo caso, con debida flexibilidad a la luz de las circunstancias particulares que presenta cada caso.

A tono con el marco jurídico previamente esbozado, procedemos a resolver las controversias ante nuestra consideración.

# III

Según discutimos, para prevalecer en sus reclamos sobre la apreciación de la prueba, nuestro ordenamiento jurídico exige a los peticionarios presentar más que meras alegaciones de inconformidad. Éstos tenían el deber de demostrar la existencia de otra prueba en el expediente administrativo que refute o menoscabe el valor probatorio de aquella considerada por la agencia administrativa. Hernández, Álvarez v. Centro Unido, supra; Otero v. Toyota, supra. **Así lo hicieron oportuna y adecuadamente**. Veamos.

De entrada, al examinar los incidentes procesales acaecidos en este caso, debemos resaltar que el interés y diligencia exhibida por los peticionarios en procurar acceso a la grabación de la vista administrativa es incuestionable. Estas gestiones se remontan a una etapa tan temprana como en los procedimientos ante el DACo. Allí, **en dos ocasiones**, solicitaron por escrito obtener copia de la grabación de la vista administrativa y sufragar su costo. Tenían derecho a ello.

Según reseñamos, la Regla 29.5 del Reglamento Núm. 8034, supra, exigía al DACo entregar la copia de la regrabación de dicho procedimiento. No empece al mandato inequívoco establecido en su propio Reglamento, el DACo **ignoró** las dos solicitudes de los peticionarios. Al así proceder, contravino la trillada norma que establece que las agencias administrativas vienen obligadas a observar

estrictamente sus propios reglamentos. <u>Ayala Hernández v. Consejo Titulares</u>, 190 DPR 547, 568 (2014); <u>T-JAC, Inc. v. Caguas Centrum Limited</u>, 148 DPR 70, 81 (1999); <u>García Cabán v. U.P.R.</u>, 120 DPR 167, 175 (1987). Véase, además, <u>Daco v. Toys "R" Us</u>, 191 DPR 760, 771 (2014) (Sentencia), donde advertimos que "el DACo no tiene facultad para aplicar sus reglamentos solo cuando le plazca".

Lo mismo hizo el Tribunal de Apelaciones, no empece a conocer sobre el desatinado proceder del DACo. Al igual que la agencia administrativa recurrida, el foro apelativo intermedio nunca dio trámite a la solicitud de los peticionarios. Es decir, lejos de denegar la solicitud para la reproducción de la prueba oral, lo que estaba facultado a hacer si entendía que la misma no cumplía con los requisitos establecidos en su Reglamento, dicho foro sencillamente ignoró la petición y nunca adjudicó la misma. **Ello, a pesar de que la solicitud promovida cumplió con las exigencias establecidas en la Regla 66 del Reglamento del Tribunal de Apelaciones**, <u>**supra**</u>.

Según visto, los peticionarios promovieron debidamente su solicitud a través de una moción por separado que presentaron junto a su recurso de revisión judicial. En la misma, consignaron la necesidad de que se autorizara la reproducción de la prueba oral, especificando que sus señalamientos de error versaban, precisamente, sobre la apreciación de la prueba

testimonial desfilada en la vista administrativa. Siendo ello así, específicamente justificaron la deseabilidad de que se permitiera elevar la prueba a través de una transcripción, toda vez que interesaban que el foro revisor tuviera ante sí la prueba íntegra de los testimonios de su perito y del señor Graciani Rodríguez y así pudiera concluir que las determinaciones de hecho elaboradas por la agencia fueron irrazonables a la luz de la totalidad del expediente administrativo y los señalamientos levantados en el recurso de revisión judicial.

Ante ese cuadro, no cabe duda de que la solicitud de los peticionarios cumplió con las exigencias establecidas en la Regla 66 del Reglamento del Tribunal de Apelaciones, supra. En resumidas cuentas, la misma se presentó oportunamente y estuvo debidamente justificada. Al evaluar el proceder del Tribunal de Apelaciones a la luz del marco jurídico antes discutido, no podemos más que concluir que el foro intermedio abusó de su discreción, pues al ignorar dicha solicitud frustró el derecho que le asiste a los peticionarios de probar su caso conforme a los requisitos procesales y probatorios que le eran exigibles.

Ante la presunción de corrección que reviste las determinaciones administrativas, los peticionarios tenían la obligación -pero también el derecho- de colocar al foro intermedio en posición de atender correctamente sus

planteamientos sobre la apreciación y la credibilidad de la prueba oral desfilada ante el DACo. Lo anterior se agrava, entre otras razones, cuando tomamos en consideración que parte de la prueba oral que se pretendía reproducir y elevar era de carácter pericial, por lo que dicho foro se encontraba en igual posición que el DACo para apreciar la misma bajo su propio criterio. García Reyes v. Cruz Auto Corp., supra, pág. 89; Rebollo v. Yiyi Motors, supra, pág. 78.

En fin, el Tribunal de Apelaciones ignoró el derecho que le asistía a los peticionarios de impugnar la apreciación de la prueba oral realizada por el DACo, no empece a que cumplieron con el trámite procesal aplicable. En su defecto, dicho foro optó por confirmar la decisión administrativa, basándose, inexplicablemente, en la deferencia que merecía la apreciación de la prueba oral **que nunca examinó**, a pesar de la solicitud oportuna de que lo hiciera conforme a su Reglamento. Tal proceder resulta insostenible a la luz de los preceptos más elementales del debido proceso de ley y de la doctrina de revisión judicial y, por tanto, merece nuestro rechazo.

## IV

En virtud de lo anterior, revocamos la Sentencia del Tribunal de Apelaciones y devolvemos el caso a dicho foro para que resuelva correctamente los méritos del recurso de revisión administrativa promovido por los peticionarios. Ello, una vez evalúe la totalidad del

expediente, lo que incluye la prueba oral cuya reproducción y posterior transcripción le fuera oportuna y debidamente solicitada.

Se dictará Sentencia de conformidad.


                              Luis F. Estrella Martínez
                                   Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| José Graciani Rodríguez; Carmen Cuadrado Cintrón Recurridos<br><br>v.<br><br>Garage Isla Verde, LLC; Mercedes Benz USA, LLC; Mercedes Benz Financial Services USA, LLC Peticionarios | CC-2017-512 | Certiorari |

SENTENCIA

San Juan, Puerto Rico, a 29 de marzo de 2019.

Por los fundamentos antes expuestos, se revoca la Sentencia del Tribunal de Apelaciones y se devuelve el caso a dicho foro para que resuelva correctamente los méritos del recurso de revisión administrativa promovido por los peticionarios. Ello, una vez evalúe la totalidad del expediente, lo que incluye la prueba oral cuya reproducción y posterior transcripción le fuera oportuna y debidamente solicitada.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo