EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Citibank, N.A.; Oriental Bank, Scotiabank de Puerto Rico y Banco Popular de Puerto Rico<br><br>Recurridos<br><br>v.<br><br>Atilano Cordero Badillo y otros<br><br>Peticionarios | Certiorari<br><br>2018 TSPR 119<br><br>200 DPR ____ |
| --- | --- |

Número del Caso: CC-2014-1102
                 CC-2014-1106


Fecha: 29 de junio de 2018


Tribunal de Apelaciones:

  Región Judicial de Bayamón Utuado


Abogados de la parte peticionaria:

     Lcdo. Carlos Rivera Vicente
     Lcdo. Carlos González Soler
     Lcda. María Rivera de Jiménez


Abogados de la parte recurrida:

     Lcdo. Manuel Moreda Toledo
     Lcdo. Alejandro Cepeda Díaz
     Lcda. Isabel Torres Sastre


Derecho apelativo: Límite de la facultad del Tribunal de Apelaciones para revisar la denegatoria de una solicitud de remedio provisional en aseguramiento de sentencia


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Citibank, N.A.; Oriental Bank,
Scotiabank de Puerto Rico
y Banco Popular de Puerto Rico

    Recurridos

          v.

Atilano Cordero Badillo y otros

    Peticionarios

CC-2014-1102
CC-2014-1106    *Certiorari*

Opinión del Tribunal emitida por el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico a 29 de junio de 2018.

En el presente caso nos corresponde determinar si el Tribunal de Apelaciones erró al intervenir en la discreción que tiene el Tribunal de Primera Instancia para conducir los procedimientos ante sí, y, en consecuencia, al revocar cierta determinación del foro primario que denegó una solicitud de remedios provisionales en aseguramiento de sentencia presentada ante este, ello al amparo de la Regla 56.1 de Procedimiento Civil, *infra*.

Al examinar las disposiciones legales correspondientes, adelantamos que -- en el caso de marras -- el Tribunal de Apelaciones excedió sus facultades revisoras, en el contexto de una solicitud de remedio provisional de aseguramiento de sentencia, al sustituir el criterio del Tribunal de Primera

Instancia por el suyo y, por ende, al conceder determinados remedios provisionales en aseguramiento de sentencia, solicitados al amparo de la mencionada regla procesal. Veamos.

I.

Allá para junio de 2005, Atilano Cordero Badillo, Inc. (en adelante, "ACBI") y ATUE Real Estate, S.E. (en adelante, "ATUE") suscribieron un contrato de préstamo con Citibank N.A. en virtud del cual este último se comprometió a prestarle a ACBI $71,500,000.00 mediante dos (2) préstamos y tres (3) líneas de crédito; evidenciados los mismos a través de cinco (5) pagarés. Para garantizar dicho Contrato de Préstamo, ACBI y ATUE dieron en prenda once (11) pagarés hipotecarios. Los referidos pagarés hipotecarios gravaban una propiedad inmueble sita en Arecibo y otra sita en Bayamón. Asimismo, en los mencionados contratos ambas corporaciones consintieron a extender la garantía hipotecaria a las rentas generadas por dichas propiedades.[1]

---

[1] La Escritura de Hipoteca Núm. 21 del 29 de abril de 1998 -- que grava el inmueble de Arecibo -- dispone en la cláusula uno (1) que: "la hipoteca que por la presente se constituye se hace extensiva [a]: ... las rentas vencidas y no satisfechas al tiempo de exigirse el cumplimiento de la obligación representada por el Pagaré y garantizada por esta hipoteca". *Véase* Apéndice de *certiorari* de Citibank, pág. 414.

Posteriormente, dicha Escritura fue modificada mediante *Deed of Modification of Mortgage* en la que se estableció que:

The Property encumbered by the Mortgage shall hereinafter consist of the following (hereinafter the Mortgage Property):

. . .

(b) All due and unpaid rents, whatever the cause of their not having been collected, and those payable until

Días después, conforme al referido Contrato de Préstamo,

Citibank N.A. suscribió un contrato de cesión y aceptación

con Westernbank, Banco Bilbao Vizcaya y RG Premier Bank

mediante el cual les vendió y les asignó a estos últimos

ciertas participaciones en dicho contrato.[2]

---

the Mortgage shall have recovered payment in full of all the obligations and indebtedness secured by this Mortgage . . . ." *Véase* Apéndice de *certiorari* de Citibank, págs. 424-425.

En la Escritura de Hipoteca que grava el inmueble de Bayamón se dispuso lo siguiente:

The Property encumbered by the Mortgage shall hereinafter consist of the following (hereinafter the Mortgage Property):

. . .

(b) All due and unpaid rents, whatever the cause of their not having been collected, and those payable until the Mortgage shall have recovered payment in full of all the obligations and indebtedness secured by this Mortgage . . . ." *Véase* Apéndice de *certiorari* de Citibank, pág. 4

En la Escritura del Contrato de Prenda se pactó lo siguiente:

If any Event of Default exists, the Secured Party may declared al indebtedness secured hereby to be due and payable and the same shall thereupon become due and payable and the same shall thereupon become due and payable without any presentment, demand, protest or notice of any kind. Thereafter, the Secured Party:

a. may, to the extent permitted by law, either in person or by agent, with or without bringing any action or proceeding, enter upon and take possession of the Collateral, or any part thereof, in its own name, and do any acts which it deems necessary or desirable to preserve the value, marketability or rentability of the Collateral or part thereof or interest therein increase the income therefrom or protect the security hereof and, with or without taking possession of the Collateral, sue for or otherwise collect the rents, issues and profits thereof, including those past due and unpaid . . . . *Véase* Apéndice de *certiorari*, págs. 252-253.

[2] Luego de varias transacciones comerciales, Banco Popular de Puerto Rico adquirió la participación de Westernbank, Oriental Bank adquirió la participación de Banco Bilbao Vizcaya y Scotiabank adquirió la de participación de RG Premier Bank en el Contrato de Préstamo.

Años después, el 4 de febrero de 2014, para ser específicos, Citibank N.A., por sí y como agente administrador de los bancos Oriental Bank, Scotiabank de Puerto Rico y Banco Popular de Puerto Rico (en adelante, "Citibank"), presentó una demanda jurada por cobro de dinero, ejecución de prendas e hipotecas y ejecución de garantía en contra de ACBI y ATUE. En dicha demanda, alegó que ACBI y ATUE incumplieron con su obligación de repago del préstamo objeto del presente litigio, por lo que la deuda se tornó vencida, líquida y exigible. Además, adujo que para diciembre de 2013 la cantidad adeudada ascendía a $11,640,152.75 por concepto de principal e intereses hasta esa fecha. **Por su parte, ACBI y ATUE contestaron la demanda y, entre otras cosas, adujeron la anulabilidad de la obligación contractual.**

Posteriormente, el 26 de febrero de 2014, Citibank presentó una *Moción solicitando remedios provisionales en aseguramiento de sentencia*, en la que le solicitó al tribunal que conforme a lo dispuesto en las Reglas 56.1 y 56.3 de Procedimiento Civil, *infra,* ordenara el embargo de bienes muebles, el embargo y retención de fondos en posesión de terceros, la prohibición de enajenar bienes y la anotación preventiva de la demanda jurada sobre los inmuebles hipotecados pertenecientes a ATUE, pero eximiéndole del pago de fianza. Oportunamente, ACBI y ATUE se opusieron a dicha solicitud aduciendo que el remedio solicitado les afectaría

adversamente, pues constituiría el colapso del negocio y un fracaso de la justicia al privársele de su propiedad y los frutos que las mismas produzcan. Además, alegaron que los bancos tenían a su favor otras garantías para asegurar la efectividad de Sentencia, por lo que no procedía el remedio en aseguramiento de esta. **En particular, y según surge del expediente ante nuestra consideración, señalaron que el inmueble sito en Arecibo tenía un valor en el mercado de $4,870,000.00 y el inmueble sito en Bayamón tenía un valor en el mercado de $7,784,000.00. Es decir, en conjunto las propiedades estaban valoradas en aproximadamente $12,654,000.00, por lo que el valor de las mismas supera la deuda exigida por Citibank.** *Véase,* Apéndice de *certiorari* de Citibank, págs. 813 y 929.

Así las cosas, el 1 de mayo de 2014 el Tribunal de Primera Instancia celebró una vista de remedios provisionales. Ese mismo día, el foro primario emitió una *Resolución* en la que expresó que "[l]uego de escuchada la amplia argumentación de las partes y tomando en consideración los intereses de las mismas, el Tribunal declara **No Ha Lugar** la solicitud de remedios provisionales de la parte demandante, **en esta etapa de los procedimientos**". *Véase* Apéndice de *certiorari* de Citibank, pág. 750. (Énfasis suplido)

Resuelto lo anterior, y una vez culminada la presentación de las alegaciones e iniciado el descubrimiento

de prueba relacionado al presente caso, el 2 de junio de 2014 Citibank presentó una *Moción reiterando su solicitud de remedios provisionales* en la que nuevamente solicitó un remedio en aseguramiento de sentencia. En particular, solicitó que el tribunal emitiera una orden de retención de fondos en posesión de terceros a los arrendatarios de las propiedades hipotecadas -- a saber, el Instituto de Banca y Comercio en Bayamón y Pueblo Supermarket en Arecibo -- para que estos consignaran en el tribunal los cánones de arrendamiento pagaderos a ATUE. En esencia, argumentaron que procedía el remedio provisional bajo la Regla 56.1 de Procedimiento Civil, *infra*, ello conforme al pacto hipotecario que firmaron las partes, en el que dispusieron voluntariamente que la garantía hipotecaria se extendería a los cánones de arrendamiento de las propiedades gravadas. El 23 de junio de 2014, el Tribunal de Primera Instancia notificó una orden en la que reiteró su determinación previa de no darle paso a la referida solicitud.

Inconforme con dicho proceder, el 23 de julio de 2014 Citibank acudió al Tribunal de Apelaciones mediante un recurso de *certiorari*. En el referido recurso señaló que el foro primario erró al no conceder el remedio provisional solicitado. En síntesis, reiteró que procedía el embargo de fondos en posesión de terceros bajo los mismos fundamentos presentados en el foro primario. Por su parte, ACBI y ATUE nuevamente insistieron en que la concesión del remedio

provisional en aseguramiento de sentencia constituiría el colapso de su negocio y un fracaso de la justicia, e impediría el cumplimiento de ATUE con sus obligaciones de administración y mantenimiento de los referidos inmuebles.

Evaluados los planteamientos de ambas partes, el Tribunal de Apelaciones dictó una Sentencia en la que concedió el remedio solicitado por Citibank. Al así hacerlo, el foro apelativo intermedio determinó que procedía la concesión del remedio provisional en virtud de los acuerdos contraídos por las partes. No obstante, ordenó a Citibank a prestar una fianza por la suma de $11,640,152.75 ante la posibilidad real de los daños que pudiera ocasionarle a ATUE el incumplimiento con las obligaciones de mantenimiento y administración de las propiedades.

Insatisfechos con tal determinación, ambas partes comparecieron ante nos, mediante sendas peticiones de *certiorari*, y solicitan la revisión de la determinación del Tribunal de Apelaciones. En su recurso, ACBI y ATUE alegan que el foro apelativo intermedio abusó de su discreción al sustituir el criterio del Tribunal de Primera Instancia, foro que tiene a su haber conducir los procedimientos relacionados a las controversias planteadas en el presente caso. Por su parte, Citibank aduce que el Tribunal de Apelaciones erró al imponer una fianza por los daños que la consignación de las rentas por arrendamiento pudiera ocasionar.

Expedidos los recursos de ambas partes, por tratarse del mismo asunto, este Tribunal los consolidó. Trabada así la controversia, y contando con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

II.

A.

Como es sabido, la Regla 56.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.1, enumera los remedios que tiene disponible un demandante que desee proteger la efectividad de determinada sentencia que, en su día, pudiese emitir un tribunal. *Véase*, además, *Cacho Pérez v. Hatton Gotay,* 195 DPR 1, 13 (2016); *BBVA v. S.L.G. Lopez, Sasso*, 168 DPR 700, 708 (2006); *Román v. S.L.G. Ruiz,* 160 DPR 116, 121 (2003); *Vargas v. González*, 149 DPR 859 (1999); En específico, la mencionada regla establece que:

> En todo pleito antes o después de sentencia, por moción del reclamante, **el tribunal podrá dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia.** El tribunal podrá conceder el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura, una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso. **En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispondrá según requiera la justicia sustancial.** 32 LPRA Ap. V, R. 56.1. (Enfásis suplido)

Establecido lo anterior, es menester señalar que la lista de remedios dispuestos en el texto de la referida disposición reglamentaria no es taxativa, pues el tribunal, en el ejercicio de su discreción "p[uede] ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso", para asegurar el cumplimiento de determinada sentencia. *Íd.* Por lo tanto, el tribunal no sólo tiene flexibilidad para determinar si concede o deniega el remedio, sino que tiene discreción para determinar el remedio adecuado ante las circunstancias particulares del caso bajo su consideración.

Así pues, y como se puede apreciar, la mencionada Regla 56.1 de Procedimiento Civil, *supra*, le provee al tribunal la flexibilidad "para dictar las medidas que estime necesarias o convenientes, según las circunstancias del caso, para asegurar la efectividad de [una] sentencia". *F.D. Rich Co. v. Tribunal Superior*, 99 DPR 158, 176-77 (1970). Es por ello que, en múltiples ocasiones, hemos expresado que, cuando un tribunal tiene ante su consideración una solicitud de remedio provisional en aseguramiento de sentencia, las disposiciones aplicables se deben interpretar con amplitud y liberalidad, concediendo el remedio que mejor asegure la reclamación y que menos inconvenientes ocasione al demandado. *Cacho Pérez v. Hatton Gotay, supra; Nieves Diaz v. Gonzalez Massas,* 178 DPR 820(2010); *Román v. S.L.G. Ruiz, supra*, pág. 121; *M. Quilinchini Sucrs., Inc. v. Villa*

*Inv. Corp.*, 112 DPR 322 (1982); *Freeman v. Tribunal Superior*, 92 DPR 1 (1965).[3]

**Cónsono con lo anterior, hemos señalado que el tribunal tiene amplia discreción para decidir si concede o deniega el remedio en aseguramiento de sentencia solicitado.** *Nieves Díaz v. González Massas*, *supra*, pág. 839; *BBVA v. S.L.G. López, Sasso*, *supra*, pág. 708; *F.D. Rich Co. v. Tribunal Superior*, *supra,* pág. 176. La única limitación es que la medida sea razonable y adecuada para asegurar la efectividad de la sentencia. *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ.*, 173 DPR 304, 315 (2008); *F.D. Rich Co. v. Tribunal Superior*, *supra,* pág. 176; *BBVA v. SLG López, Sasso*, *supra*, pág. 708.

En esa dirección, para determinar si procede o no la concesión del remedio solicitado, el tribunal deberá examinar, **en el ejercicio de su discreción**, los siguientes criterios: (1) que el remedio solicitado sea provisional; (2) que el mismo tenga el objetivo de asegurar la efectividad de la sentencia que en su día dicte el tribunal, y (3) **considerar los intereses de ambas partes, según lo requiera la justicia sustancial y las circunstancias del caso.** *Cacho*

---

[3] No olvidemos que, "la Regla 56 puede interpretarse en el sentido de que [a través de esta] pretende obtener[se] previamente los efectos de la sentencia que aún no se ha dictado. Es decir, las medidas provisionales, hasta cierto punto, pueden anticipar el efecto de una sentencia". J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da. ed., San Juan, Pubs. J.T.S., 2011, T. V, pág. 1577. En el caso de los remedios en un pleito de cobro de deudas y reclamaciones, se ha reconocido que la potestad concedida al tribunal por medio de la Regla 56.1 de Procedimiento Civil es un patente reconocimiento del interés social de que se provean remedios adecuados en dichos casos. *Román v. S.L.G. Ruiz*, *supra*, pág. 120; *Stump Corp. v. Tribunal Superior*, 90 DPR 179, 184 (1970).

*Pérez v. Robert Hatton Gotay y otros*, *supra*, pág. 13; *Nieves Díaz v. González Massas, supra*, pág. 839; *Freeman v. Tribunal Superior*, *supra*, págs. 25-26.

Por último, es menester mencionar que, como regla general, la concesión de un remedio provisional al amparo de la Regla 56.1 de Procedimiento Civil, *supra*, debe conllevar la imposición de una fianza que, en su día, responda por los daños y perjuicios que se pudiesen causar al conceder un remedio provisional en aseguramiento de sentencia. *Cacho Pérez v. Robert Hatton Gotay y otros*, *supra*, pág. 13; *United v. Villa*, 161 DPR 609, 633 (2004); *Pereira v. Reyes de Sims*, 126 DPR 220, 226-227 (1990). El monto de la misma debe ser suficiente para responder por todos los daños y perjuicios que se causen como consecuencia de la concesión del remedio. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil,* San Juan, Ed. Lexis-Nexis de Puerto Rico, Inc., 2017, sec. 1503.

Ahora bien, no empece a lo antes dicho, la Regla 56.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.3, distingue ciertos escenarios en los cuales el demandante que solicita el referido remedio pudiera estar eximido de la prestación de una fianza. Sobre este particular, la referida Regla dispone que quien solicite el remedio puede estar exento de prestar la fianza:

> (a) Si aparece de documentos públicos o privados, según definidos por ley y firmados

ante una persona autorizada para administrar juramento, que la obligación es legalmente exigible, o

(b)    cuando sea una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación, y a juicio del tribunal la demanda aduce hechos suficientes para establecer una causa de acción cuya probabilidad de triunfo sea evidente o pueda demostrarse, y haya motivos fundados para temer, previa vista al efecto, que de no obtenerse inmediatamente dicho remedio provisional la sentencia que pueda obtenerse resultaría académica porque no habría bienes sobre los cuales ejecutarla, o

(c)    si se gestiona el remedio después de la sentencia. 32 LPRA Ap. V, R. 56.3.

Por otro lado, y para concluir con la discusión de lo relacionado a la moción de remedios en aseguramiento de sentencia, precisa señalar aquí que, además de la imposición de fianza requerida por la mencionada Regla 56.3, *supra*, en las Reglas de Procedimiento Civil se establecen otros requisitos para conceder el remedio provisional en aseguramiento de sentencia, como lo son el notificar la solicitud a la parte contraria y el celebrar una vista de remedios provisionales previo a conceder el mismo. *Véase* Regla 56.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.2.[4]

B.

---

[4] Solo se puede conceder un remedio provisional sin la celebración de vista cuando la parte demandante pruebe que tiene un interés propietario sobre la cosa que desee embargar, que existen circunstancias extraordinarias o la probabilidad de prevalecer mediante prueba documental fehaciente que demuestre que la deuda es líquida, vencida y exigible. *Íd. Véase*, además, Hernández Colón, *op. cit.*, sec. 1407

De otra parte, y por también considerarlo en extremo pertinente para la correcta disposición del asunto que nos ocupa, conviene recordar que al hablar de **"la discreción que tiene un tribunal de justicia"** nos referimos a la facultad que tiene dicho foro para resolver de una forma u otra, o de escoger entre varios cursos de acción. *García López y otro v. E.L.A.*, 185 DPR 371 (2012); *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010); *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990); *García v. Padró*, 165 DPR 324, 334 (2005). El ejercicio adecuado de tal discreción está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Asociación,* 165 DPR 311, 321 (2005); *García v. Padró, supra,* pág. 335; *Pueblo v. Ortega Santiago*, *supra*, pág. 211. (Enfásis suprimido).  En ese sentido, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Medina Nazario v. McNeil Healthcare LLc,* 194 DPR 723, 729 (2016); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013); *IG Builders v. BBVAPR*, 185 DPR 307, 338 (2012). Esta se "nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). *Véase*, además, *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Santa Aponte v. Srio. del Senado*, 105 DPR 750, 770 (1977).

Partiendo de esas premisas, la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia. *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 306-307 (2012); *García v. Asociación*, 165 DPR 311, 320 (2005); *Vives Vázquez v. ELA*, 142 DPR 117, 141-142 (1996). Ello, pues es el foro primario quien conoce las particularidades del caso, tiene el contacto con los litigantes y examina la prueba presentada por éstos. *Pueblo v. Ortega Santiago*, *supra*; *Mejías et al. v. Carrasquillo et al.*, *supra*, págs. 306-307; *De León, Hernández v. Hosp. Universitario*, 174 DPR 393, 398 (2008).

**Siendo ello así, este Tribunal ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto.** *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean International News,* 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). *Véase*, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). Un tribunal puede incurrir en abuso de discreción cuando el juez ignora sin fundamento algún hecho material; cuando el

juez le concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o cuando este, a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable. *Pueblo v. Custodio Colón*, 192 DPR 567, 588-589 (2015); *Pueblo v. Ortega Santiago*, *supra*, págs. 211-212; *García v. Asociación*, *supra,* págs. 321-322. En el contexto de remedios de aseguramiento de sentencia, estos criterios nos conducen a precisar que solo ameritará el ejercicio de la facultad revisora apelativa cuando el juzgador de primera instancia no se rija por el criterio de razonabilidad y adecuacidad o cuando no considere los intereses de ambas partes según lo requiera la justicia sustancial y las circunstancias del caso.

Es, pues, a la luz de la normativa antes expuesta que procedemos a disponer de la controversia ante nuestra consideración.

### III.

Como mencionamos anteriormente, en el presente caso, y ante la solicitud de Citibank, el Tribunal de Primera Instancia celebró una vista de remedios provisionales en aseguramiento de sentencia en la que escuchó los argumentos de ambas partes para determinar si procedía o no la imposición de los mismos. Evaluados los argumentos de las partes, el foro primario **-- en el ejercicio de su discreción**

**y basado en la prueba que tenía ante su consideración --** determinó que en esta etapa de los procedimientos no procedían los remedios provisionales. No empece a ello, el Tribunal de Apelaciones sustituyó el criterio del Tribunal de Primera Instancia y concedió los remedios provisionales en aseguramiento de sentencia solicitados. Dicho foro sostuvo que procedía la concesión del remedio provisional en virtud de los acuerdos contraídos por las partes. En particular, señaló que los contratos suscritos entre las partes le daban el derecho a Citibank de hacerse con los cánones de arrendamiento no satisfechos. De conformidad con la normativa antes expuesta, entendemos que el foro apelativo intermedio erró en su apreciación.

Y es que, si bien reconocemos que mientras ACBI y ATUE sigan cobrando los cánones de arrendamiento, existe un riesgo de que este dinero no sea conservado y, consecuentemente, se deteriore la garantía hipotecaria de los bancos aquí representados por Citibank, igualmente cierto es que, según surge de los expedientes ante nuestra consideración, el valor en el mercado de los inmuebles dados en garantía hipotecaria es superior al balance adeudado y es más que suficiente para asegurar el pago del préstamo sin necesidad de recurrir a los cánones de arrendamiento, y de ordenar una medida en aseguramiento de sentencia adicional. En ese sentido, el consignar ante el Tribunal de Primera Instancia la totalidad de los cánones de arrendamiento, como

ordenó el Tribunal de Apelaciones, resultaría en una condición demasiado onerosa para ACBI y ATUE pues le privaría del flujo de efectivo necesario para atender las necesidades de su negocio y pudiera forzar el cierre del mismo.

No empece a ello, y como ya mencionamos, el foro apelativo intermedio resolvió que los contratos suscritos entre las partes le daban el derecho a Citibank de hacerse inmediatamente con los cánones de renta no satisfechos, por lo que dicho pacto iba por encima de lo dispuesto en las Reglas de Procedimiento Civil y privaba al foro primario de discreción para conceder el remedio solicitado. No estamos de acuerdo. Basta con señalar que, como en toda hipoteca, el acreedor no se apropia de la garantía hipotecaria hasta que el tribunal ordena la ejecución de la hipoteca luego de la sentencia.

Por otro lado, incluso si de alguna cláusula de los contratos pudiera interpretarse que Citibank tiene un derecho a tomar posesión de las rentas antes de ejecutar la hipoteca, resaltamos que la validez de los contratos es una de las controversias en el caso. Consecuentemente, el tribunal no puede concederle los remedios pactados hasta que pase juicio sobre la validez o no de los referidos contratos.

Siendo ello así, se cometió el error señalado por ACBI y ATUE. No se ha demostrado aquí que el Tribunal de Primera Instancia haya actuado con pasión, prejuicio o parcialidad,

o haya incurrido en abuso de discreción, que amerite, en esta etapa de los procedimientos, sustituir su criterio. No procediendo los remedios provisionales en aseguramiento de sentencia, no procede tampoco la imposición de fianza ordenada por el foro apelativo intermedio.

V.

Por los fundamentos antes expuestos, se revoca la Sentencia del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad a lo aquí dispuesto.

Se dictará Sentencia de conformidad.


Ángel Colón Pérez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Citibank, N.A.; Oriental Bank,
Scotiabank de Puerto Rico
y Banco Popular de Puerto Rico

    Recurridos

           v.

Atilano Cordero Badillo y otros

    Peticionarios

CC-2014-1102
CC-2014-1106    *Certiorari*

SENTENCIA

En San Juan, Puerto Rico a 29 de junio de 2018.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca el dictamen emitido por el Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad a lo aquí dispuesto.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y la Juez Presidenta Interina señora Rodríguez no intervinieron. El Juez Asociado señor Feliberti Cintrón está inhibido.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo